

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Olin Culberson, Director
Gas Utilities Division,
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1005
Re: Jurisdiction of the Railroad Commission of Texas
over the storage of liquefied petroleum gas
within this State by Continental Oil Company.

We have your letter of June 14, 1939, requesting our opinion upon a question stated in substance as follows:

Is the Continental Oil Company subject to the jurisdiction of the Railroad Commission of Texas in its operations pertaining to liquefied petroleum gas and especially insofar as its storage of same in a container situated on the premises of its refinery in Wichita Falls, Texas, is concerned?

The statutes relevant to your inquiry provide as follows:

"Art. 6053a. INVESTIGATION AND REGULATION OF USE OF MALODORANTS.

"Sec. 2. In addition to the duties and powers of the Commission hereinbefore set forth, it is empowered and it shall be its duty to investigate the use of malodorants by persons, firms or corporations engaged in the business of handling, storing, selling or distributing natural and liquefied petroleum gases, including butane and other odorless gases, for private or commercial uses, or supplying the same by pipe lines or otherwise, to any public building or buildings or the general public, and the Commission is empowered to require such persons, firms or corpora-

tions to odorize such gas by the use of a male-
dorant agent of such character as to indicate
by a distinctive odor the presence of gas; such
maledorant agent so required to be used, how-
ever, shall be non-toxic and non-corrosive and
not harmful to leather diaphragms in gas equip-
ment, the method of its use and containers and
equipment to be used in connection therewith to
be under the direction of and as approved by
the Railroad Commission of Texas; the Commiss-
ion having full power and authority to prescribe
such rules and regulations as in its wisdom may
be deemed necessary to carry out the purpose of
this Act. Nothing herein contained shall apply
to gas transported out of the State of Texas.

## EQUIPMENT FOR STORING AND DISPENSING LIQUEFIED PETROLEUM GASES

Sec.3-A. After the effective date of this
Act all containers and pertinent equipment in-
stalled for use in this State for the storage
and dispensing of liquefied petroleum gases for
the purpose of providing gas for industrial,
commercial and domestic uses, shall be designed,
constructed, equipped, and installed as speci-
fied under the published regulations of the
National Board of Fire Underwriters for the de-
sign, installation, and construction of contain-
ers and pertinent equipment for the storage and
handling of liquefied petroleum gases, effect-
ive July 15, 1934, and amendments, modifications
or revisions thereto. All containers used for
the transportation of liquefied petroleum gases
over the highways of this State, shall be design-
ed, constructed, and operated in accordance with
the published regulations for the design, con-
struction, and operation of automobile tank
trucks and tank trailers for the transportation
of liquefied petroleum gases, adopted by the
National Board of Fire Underwriters and the
National Fire Protection Association in the year
1935, and amendments, modifications or revisions
thereto. Containers subject to the regulations
of the Interstate Commerce Commission and con-
tainers which are owned or used by the Government

of the United States of America are excepted
from the provisions of this Section. Pre-
vided, however, that nothing herein shall be
construed to alter, modify, or amend the Motor
Carriers Law of the State of Texas.

"PENALTY; SUIT FOR COLLECTION

Sec. 3. The failure of any person or per-
sons, firm, or corporation, municipality, or
otherwise, or any association, or manufactur-
ing or distributing or storing system in this
State handling such gases, or installing or
using such containers and pertinent equipment,
as set out in this Act, to, within sixty days
(60) after the receipt of any order of the
Railroad Commission, comply fully with the Act
or any such order, rule or regulation, shall
be a violation of this Act, subjecting such
person or persons, and the officers and execu-
tives of such named concerns to a penalty of
One Thousand Dollars ($1000) for each day they
shall fail to comply with such Act; and the
Attorney General is empowered to bring suit
for the collection of same in the District
Court of Travis County, Texas."

The language of the foregoing statute is specific
and clearly makes it the duty of the Railroad Commission to
pass on the containers used for storing liquefied petroleum
gas in this State, and in Sec. 2-a of the Act sets up specif-
ic standards which the containers must meet.

Since, as stated in your letter, the container in
question is a stationary one, located on the premises of the
refinery of the Continental Oil Company in Wichita Falls,
and is used exclusively in storing liquefied petroleum gas
in this State, as distinguished from a container used to
transport same in interstate commerce, it follows that no
question of interstate commerce is presented, and that none
of the exceptions set out in the Act apply.

From the foregoing it is apparent that it is our
opinion that the Railroad Commission of Texas has full
authority to inspect the container of the Continental Oil
Company used for the storage of liquefied petroleum gas
referred to in your letter, and further that the Continental
Oil Company is subject to the jurisdiction of the Railroad

29

Commission in its operations pertaining to liquefied petroleum gas, as specifically provided for and set out in the statutes quoted above.

We feel that it is proper to call your attention to the fact that the Forty-sixth Legislature passed an act amending Article 6053, as amended, the Act in question being H. B. 792, which greatly extends the duties and powers of the Railroad Commission of Texas pertaining to the storing and transportation of liquefied petroleum gas, this Act contains an emergency clause stating that it shall take effect and be in force from and after its passage, but though it passed the House by a record vote of 122 yeas and no nayes, it passed the Senate by a viva voce vote, and since no record vote was had on said bill by the Senate, it will become effective ninety days after adjournment of the Legislature. The Legislature having adjourned June 21, 1939, the Act will become effective September 20, 1939.

We feel that it is unnecessary to set out H. B. No. 792 of the Forty-sixth Legislature herein, but think that it is proper to state that under its provisions we would have arrived at the same conclusions expressed herein as the powers of the Railroad Commission pertaining to liquefied petroleum gas were increased and not diminished by said Act.

Trusting that this satisfactorily answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
E. R. Simmons
Assistant

ERS-HR

APPROVED AUG 31, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN